**Lyle WRIGHT, Petitioner–Appellant,**

v.

**Robert L. AYERS, Jr., Warden, Respondent–Appellee.**

**No. 06–55167.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed March 25, 2008.

Mark R. Drozdowski, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Donald J. Oeser, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, SCHROEDER and TALLMAN, Circuit Judges.

MEMORANDUM *

Lyle Wright, a California state prisoner, appeals the district court's dismissal of his

by 9th Cir. R. 36–3.

petition for writ of habeas corpus challenging his conviction for attempted first degree murder. Wright claims that his attorney provided ineffective assistance of counsel by failing to present to the jury evidence of his mental retardation and schizophrenia, which, Wright argues, would have negated the premeditation and specific intent elements of his crime. On direct review, the California Court of Appeal rejected the claim.

The California Court of Appeal did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when it rejected Wright's claim. *See* 28 U.S.C. § 2254(d). We agree with the district court that trial counsel's investigation was deficient. She failed to investigate Wright's mental health history to determine whether there was evidence supporting a mental state defense to the attempted murder charge. *See Wiggins v. Smith*, 539 U.S. 510, 527, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Jennings v. Woodford*, 290 F.3d 1006, 1013 (9th Cir.2002). To establish a constitutional violation, however, petitioner must show both deficient representation and prejudice. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

Wright failed to establish prejudice; there was no reasonable probability that presentation of Wright's history of schizophrenia and mental retardation to the jury would have negated the specific intent or premeditation elements of first degree attempted murder. *See Totten v. Merkle*, 137 F.3d 1172, 1175 (9th Cir.1998). There was overwhelming evidence that Wright intended to kill the victim and his brother. Wright shot the victim in the leg, attempted to shoot the victim in the torso, and repeatedly attempted to shoot the victim's brother in the rib cage.

Premeditation was also evident from the circumstances of the crime. Wright knew, one month before the shooting, that the victim had been in a fight with the sister of a fellow gang member, Baby Sam, who was seeking revenge. On the day of the fight, Wright accompanied him to the victim's house to threateningly question the victim about the fight. Earlier on the day of the shooting, Wright had driven past the victim's house, stopped in front of his driveway, and glared at the victim. After Baby Sam got into a fight with the victim, Wright ran from his car to assist Baby Sam with the gun already cocked.

The district court's judgment dismissing Wright's petition is **AFFIRMED**.